IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN A. ASHBY, | ) | 8:08CV363 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MAXIM HEALTH CARE, and | ) | |
| VISITING NURSES | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Amended Complaint in this matter on September 11, 2008. (Filing No. 6.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  **SUMMARY OF COMPLAINT**

Plaintiff filed his Amended Complaint against Maxim Health Care ("Maxim"), and Visiting Nurses Association ("VNA"). (Filing No. 6 at CM/ECF p. 1.) Maxim and VNA are both home health care providers operating in Nebraska. (*Id*. at CM/ECF pp. 2-3.) Plaintiff is an African-American who resides in Omaha, Nebraska. (*Id*. at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges Defendants violated the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA") because they "unjustly discriminated against [him] by refusing [to provide] services based on [his] race, gender, and disability . . . ." (*Id*. at CM/ECF p. 9.) Specifically, Plaintiff alleges Defendants unnecessarily deprived him of home health care, leaving him without care for "long periods of time." (*Id*. at CM/ECF p. 8.) Plaintiff alleges this conduct

caused great distress and "severe aggravation of his [mental] illness." (*Id.* at CM/ECF p. 8.) Plaintiff seeks monetary relief in the form of "compensatory and punitive damages." (*Id.* at CM/ECF p. 9.) Plaintiff also seeks costs and attorneys fees, and any other damages "which the Court may deem just and proper." (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

### A.    Plaintiff's Civil Rights Claims

Plaintiff alleges violations of his civil rights pursuant to 42 U.S.C. § 1983. To obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that a person

2

acting under color of state law caused the deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Thus, an allegation that a private entity has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. *See, e.g., Pino v. Higgs*, 75 F.3d 1461, 1464-67 (10th Cir. 1996) ("To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983.") (citations omitted). Therefore, if the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker*, 457 U.S. at 838.

Here, Defendants are both private entities. A private entity's action can only constitute state action when "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tennessee Secondary School Athletic Ass'n.*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). Plaintiff does not allege that Defendants' actions were taken under color of state law or were otherwise sanctioned by the state. Because Plaintiff has failed to set forth facts sufficient to create a nexus between Defendants' actions and the State, the court must dismiss Plaintiff's civil rights claims.

B. Plaintiff's ADA Claim

Plaintiff also asserts a claim under Title III of the "Americans with Disabilities Act, 42 U.S.C. 12182." (Filing No. 6 at CM/ECF p. 2.) Title III prohibits any person who owns, leases, or operates a place of public accommodation from discriminating against an individual on the basis of that individual's disability. See 42 U.S.C. §

3

12182(a). However, Title III does not provide a private right of action for damages. *See* 42 U.S.C. § 12188(a)-(b); 42 U.S.C. § 2000a-3(a); *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006) ("Money damages are not an option for private parties suing under Title III of the ADA."). Because Plaintiff only seeks monetary damages his Title III claims must also be dismissed. (Filing No. 6 at CM/ECF p. 9.)

### C. Plaintiff's State Law Claims

Liberally construing the Amended Complaint, Plaintiff may also have claims for violations of state law. The court declines to exercise supplemental jurisdiction over these claims because it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). However, the court will dismiss Plaintiff's Amended Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Amended Complaint (filing no. 6) is dismissed without prejudice to reassertion in the proper forum.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

October 29, 2008.    BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge